**Civil Action No. 4:24-CV-03198**

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS

---

**In re: GALLERIA 2425 OWNER, LLC**
*Debtor.*

---

**ALI CHOUDHRI**
*Appellant,*

v.

**NATIONAL BANK OF KUWAIT, S.A.K.P. NEW YORK BRANCH,**
*Appellee.*

---

Appeal from the United States Bankruptcy Court for
the Southern District of Texas, Adv. Case No. 24-03120
Hon. Jeffrey P. Norman, Presiding

---

### REPLY BRIEF OF APPELLANT ALI CHOUDHRI

---

**Jeffrey W. Steidley**
**THE STEIDLEY LAW FIRM**
**Texas State Bar No. 19126300**
**Federal Bar No. 5609**
jeff@texlaw.us
**3701 Kirby Drive, Suite 1196**
**Houston, Texas 77098**
**(713) 523-9595**
**(713) 523-9578 —Fax**

**ATTORNEYS FOR APPELLANT ALI CHOUDHRI**

**TABLE OF CONTENTS**                                                            **PAGE**

TABLE OF CONTENTS………………………………………………...……....ii

TABLE OF AUTHORITIES….……………………………………..………..iii

SUMMARY OF REPLY……….………………………………………………...1

   **I.**     **The forum selection clause should be enforced………………………..1**

   **II.**    **The removal was untimely……………………………………………...3**

   **III.**   **There is no "core" jurisdiction……………………………………………4**

   **IV.**   **The correct Rule 12(b)(6) standard of review was not utilized………8**

   **V.**    **Res Judicata is an affirmative defense that does not appear on**
           **the face of the complaint……………………………………………10**

   **VI.**    **The complaint states a claim…………………………………………11**

   **VI.**    **Leave to amend should have been granted…………………………...13**

CONCLUSION………………………………………………………………...…14

PRAYER………...……………………………………………….………....15

CERTIFICATE OF COMPLIANCE …………………………………...……16

CERTIFICATE OF SERVICE………………………………………………….17

## TABLE OF AUTHORITIES-Cases                                    PAGE

*Atrium Med. Ctr., LP v. Hous. Red C LLC*, 595 S.W.3d 188, 192 (Tex. 2020)…...12

*Bass v. Stryker Corp.*, 669 F.3d 501, 506 (5th Cir. 2012)……………………………13

*Boudeloche v. Grow Chem. Coatings Corp.*,
728 F.2d 759, 762 (5th Cir.1984)….……………………………………………………..9

*Bremen v. Zapata Off-Shore Co.*, 407 U.S. at 12, 92 S. Ct. 1907…………………..2

*Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir.1986)……………………...9

*Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)…………………………8

*EPCO Carbon Dioxide Prods., Inc. v. JP Morgan Chase Bank, NA*,
467 F.3d 466, 470 (5th Cir. 2006)………………………………………………………10,11

*Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006)…….13

*Howell Hydrocarbons, Inc. v. Adams*, 897 F.2d 183, 190 (5th Cir.1990)…………..7

*Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001)…………………..8

*Kelly v. Nichamoff*, 868 F.3d 371, 374 (5th Cir. 2017)……………………………10

*In re TMT Procurement Corp.*, 764 F.3d 512 (5th Cir. 2014)…………………….6,7

*Ironshore Europe DAC v. Schiff Hardin, L.L.P.*,
912 F.3d 759, 763 (5th Cir. 2019)…………………………………………………….10

*Lastih v. Elk Corp.*, 140 F.Supp.2d 166 (D.Conn.2001)……………………………4

*Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004)…..14

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,
526 U.S. 344, 347-48 (1999)…………………………………………………………..3

*Noble House, L.L.C. v. Certain Underwriters*,
67 F.4th 243, 248 (5th Cir. 2023)……………………………………………………2

*Norsworthy v. Hous. Indep. Sch. Dist.*, 70 F.4th 332, 336 (5th Cir. 2023)………….9

*Rubinstein v. Collins*, 20 F.3d 160, 166 (5th Cir.1994)……………………………..9

*St. Paul Mercury Ins. Co. v. Williamson* ,
224 F.3d 425, 440 n.8 (5th Cir. 2000)……………………………………………….8

*Steel Co. v. Citizens for a Better Env't* ,
523 U.S. 83, 94, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998)…………………………3

*Stem v. Gomez*, 813 F.3d 205, 215 (5th Cir. 2016)…………………………………….13

*Stewart Org., Inc. v. Ricoh Corp.*,
487 U.S. 22, 33, 108 S. Ct. 2239, 101 L.Ed.2d 22(1988)…………………………..2

*Stripling v. Jordan Prod. Co*, 234 F.3d 863, 872 (5th Cir. 2000)…………………..13

*Thompson*, 125 F.3d at 901……………………………………………………………9

*Troice v. Greenberg Traurig, L.L.P.*, 921 F.3d 501 (5th Cir. 2019)………………….8

*Underwood v. Hunter*, 604 F.2d 367, 369 (5th Cir. 1979)…………………………..9

*U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*,
355 F.3d 370 (5th Cir. 2004)………………………………………………………..9

*Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 768 (5th Cir. 2016)…………………2

## Statutes

28 U.S.C. § 1446(b)…..……………………………………………………………….3

Texas Rules of Civil Procedure 12(b)6..…………………………..……8,9,11,13,15

14C Wright, Miller & Cooper, Federal Practice and Procedure:
Jurisdiction 3d § 3733 at p. 357-61 (1998)…………………………………………4

## APPELLANTS REPLY BRIEF

### Summary of the Reply

Without question the parties have agreed to an enforceable forum-selection clause that dictates the District Court of Harris County, Texas as the exclusive forum for this dispute.  Whether the motion to remand is granted or denied, the case should be remanded to the state District Court of Harris County.  NBK was served with the state court complaint by the ECF system, which although not formal service, is sufficient to start the time for removal. There is no "core" jurisdiction, the only basis proffered for the removal of this case, and non-core jurisdiction should not be considered.  Even if considered it is absent. The complaint clearly states a claim that could be granted if the appropriate standard of review is utilized.  Leave to amend the complaint in this complicated case should be granted in any event.

### I.  The forum-selection clause should be enforced

1.    NBK makes no effort to dispute the fact that the forum-selection clause between the parties is enforceable; it merely pretends that no such clause exists.   It is undisputed that the forum-selection clause agreed to by the parties mandates that this dispute be determined in the Texas State District Court in Harris County, Texas. This should be dispositive of all issues before this Court and the case should be remanded to the venue agreed upon by the parties.  If the Motion to Remand is

1

granted, the forum-selection clause will be honored.  If the Motion to Remand is denied, the forum-selection clause should be honored, and the case sent back to the state court.

2.      The Fifth Circuit has noted in no uncertain terms that "We apply a 'strong presumption' in favor of enforcing mandatory forum-selection clauses." *Noble House, L.L.C. v. Certain Underwriters*, 67 F.4th 243, 248 (5th Cir. 2023) *citing Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 768 (5th Cir. 2016).  The Court in *Noble* went on to elucidate the strong policy in favor of enforcing such clauses stating:

> So, "absent some compelling and countervailing reason," the arms-length agreement choosing that forum-selection clause "should be honored by the parties and enforced by the courts." *Bremen*, 407 U.S. at 12, 92 S.Ct. 1907; *see also Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988) (Kennedy, J., concurring) ("[E]nforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system.").

Here there is no "compelling and countervailing reason" not to enforce the agreement of the parties.  The forum-selection clause "should be honored by the parties and enforced by the courts."  If this Court determines that it has jurisdiction, it should immediately honor the forum-selection clause and send the parties back to the court where they contractually agreed to settle their differences.

3.      NBK makes no argument that the law should be applied otherwise.  It merely pretends that no forum-selection clause exists and hopes that this Court will do

2

likewise.    It is axiomatic that the initial determination should always be the
appropriate forum for resolution of a dispute.[1]  If the Motion to Remand is granted
that forum is the state District Court of Harris County.  If the Motion to Remand in
not granted, this Court should enforce the forum-selection clause which dictates
that the forum is the state District Court of Harris County.  There is no need or
reason for this Court to even reach the merits of the dispute.

## II.    The removal was untimely

4.    In addition to the above, the removal was untimely.  The Supreme Corut in
*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999)
stated that "[A] named defendant's time to remove is triggered by simultaneous
service of the summons and complaint, or **receipt of the complaint, `through
service or otherwise,'** after and apart from service of the summons, but not by
mere receipt of the complaint unattended by any formal service." (emphasis
added).

5.    *Murphy* involved a faxed copy of the subject lawsuit.  Here, NBK was a
party to the bankruptcy proceeding to which this action is ancillary, and without
question was "served" through the ECF system.  This should qualify as "receipt of
the complaint through service or otherwise" under 28 U.S.C. § 1446(b). If the rule

_____

[1] *E.g., Steel Co. v. Citizens for a Better Env't* , 523 U.S. 83, 94, 118 S.Ct. 1003, 140 L.Ed.2d
210 (1998).

is interpreted to only include service through summons, then the phrase "or otherwise" becomes meaningless.[2]

### III.    There is no "core" jurisdiction

6.    First and foremost, NBK's notice of removal specified "core" jurisdiction as the basis for removal.  Under applicable law, NBK cannot urge any ground for federal jurisdiction that differs from what is contained in its Notice of Removal.[3] NBK falsely tells this Court that "Indeed, Choudhri does not challenge the Bankruptcy Court's "related to" jurisdiction over the Action in his brief."[4] Obviously when Appellant challenges NBK's right to urge grounds not made in its Notice (the non-core arguments)[5]  he challenges the "related to" jurisdiction.  In addition, the same facts that preclude "arising in" jurisdiction are dispositive of the "related to" arguments as well.

7.    The only jurisdictional question properly before the court is whether "core" jurisdiction exists.  It does not.  NBK ignores the fact that the bankruptcy court left the dispute between Appellant and NBK open for resolution throughout the bankruptcy process.  That court expressly stated:

---

[2] Admittedly, Appellant has found no case for or against this proposition on facts similar to those in this case.

[3] E.g., *Lastih v. Elk Corp.,* 140 F.Supp.2d 166 (D.Conn.2001)(after thirty-day period expired, defendant could not amend notice of removal to add new claim of federal question jurisdiction). *See also,* **14C Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 3d § 3733** at p. 357-61 (1998) and extensive listing of authorities cited therein.

[4] Appellee's Brief at 24-25.

[5] This appears for the first time in Appellee's Brief at 23

> **While the Court doubts the allegations of the movants and does not believe that they will be successful on any of their claims, if they do, to the extent they are entitled to money damages they will be paid.[6]**

8.    The bankruptcy court knew and appreciated, at least at the time of the Credit Bid Order, that the complaint by Appellant against NBK was for **money damages**, and in the court's opinion NBK could pay those damages.  In context, this meant that whatever misconduct might be found against NBK in favor of Appellant, it did not impact the Credit Bid procedure because the allegedly injured party had redress independent of the Plan process. While the bankruptcy court expressed doubt concerning the success of Appellant's case against NBK it is clear that the existence of the dispute did not disturb the bankruptcy action at all.  Indeed, how could it?[7]

9.    In a separate context the bankruptcy court again validated the viability of Appellant's claims against NBK.  On July 8, 2024, in paragraph 30 of the Order Approving Asset Purchase Agreement the bankruptcy court states: "Payments to creditors as a Directed Payoff Amount **shall not** (x) limit the rights of any creditor to receive the full amount due under applicable law or (y) **preclude any party from pursuing claims against a creditor receiving a Directed Payoff Amount,**

---

[6] APP 00094. (Credit Bid Order in Appellee's Appendix) Again, whatever pertinence the bankruptcy court's opinion might be, the weighing of evidence is inappropriate in a Rule 12(b)(6) context.  NBK's references to the bankruptcy court's ability to judge credibility are also inappropriate in the current context. (e.g., NBK refers to the bankruptcy judge as the "trier of fact". Appellee's Brief at 25.)

[7] The Plan has been confirmed, and the subject property sold.  Whether or not NBK can successfully argue to the state court that the bankruptcy process somehow precludes all or part of the recovery sought, this case cannot and did not affect the bankruptcy process.

**including any claims of Ali Choudhri against the National Bank of Kuwait.[8]**

10.    In yet another context, the bankruptcy court acknowledges the ongoing right of Appellant to make his case against NBK when in an order dealing with a claim the court writes that the order on Claim 21 was without prejudice to "the rights of Ali Choudhri [Appellant here] to pursue any causes of action he may have against the National Bank of Kuwait, S.A.K.P, New York Branch."[9]

11.    NBK asserts, again without any explanation or authority, that this suit for money damages somehow requires the bankruptcy court to interpret its Confirmation Order.[10]  It not only doesn't, but as a matter of law it cannot.  The outcome of this case has absolutely no effect on the Debtor or any assets of the Debtor. If this case is returned to state court as it should be, any defense that NBK might have is available to it, and any resolution of the case will have zero effect on the concluded bankruptcy proceeding.  It can have no effect on the Confirmation Order either.  It is inane to assert that the prospect of NBK writing a check to Appellant somehow affects the concluded 2425 Galleria bankruptcy.[11]

12.    A state contract action, like this one, was before the Fifth Circuit in *In re TMT Procurement Corp.*, 764 F.3d 512 (5th Cir. 2014).  With respect to "core"

---

[8] Main Case Doc. 608, page 25. (emphasis added).

[9] Doc. 640, page 2.

[10] Appellee Brief at 22-23.

[11] Just a few weeks ago this Court, on the motion of NBK, dismissed an appeal of the confirmed Plan. Main Case Doc. 835.

jurisdiction.  The Court stated:

> We hold, therefore, that a proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case. The proceeding before us does not meet this test and, accordingly, is a non-core proceeding. The plaintiff's suit is not based on any right created by the federal bankruptcy law. It is based on state-created rights. Moreover, this suit is not a proceeding that could arise only in the context of a bankruptcy. **It is simply a state contract action that, had there been no bankruptcy, could have proceeded in state court.**

*Id.* at 527 (emphasis added).  Stated differently, "Whatever else a core proceeding must be, it must involve a decision that ultimately affects the distribution of the debtor's assets." *Howell Hydrocarbons, Inc. v. Adams*, 897 F.2d 183, 190 (5th Cir.1990).  Here, a jury's determination that NBK owes, or does not owe, Appellant money damages has no effect on "the distribution of the debtor's assets.  There is no core jurisdiction, and since this is the only basis upon which NBK removed the case, the motion to remand should be granted.

13.    In *In re TMT Procurement Corp.,* the court went on to address the argument, also made here, that reference to other orders of the bankruptcy court somehow created "related to" jurisdiction when there was no "core" jurisdiction.  It said:

> Before the district court and the bankruptcy court exercised jurisdiction over the Vantage Shares, the outcome of the Vantage Litigation could not have had any conceivable effect on the Debtors' estate. In essence, the Debtors have again attempted to use the orders as "jurisdictional bootstrap[s]" by arguing that the Vantage Litigation is "related to" the Debtors' Chapter 11 proceedings because the orders have linked them. This we cannot allow.

*Id.* at 528. Here, as there, the reference to the case or aspects of it in orders does not confer bootstrap federal bankruptcy jurisdiction.

14. NBK attempts to urge "related to" jurisdiction is inappropriate since it did not remove on that jurisdictional basis. Nevertheless, as has been shown, there is no "related to" jurisdiction either. The subject action is for money damages to be paid by NBK if it loses. That decision does not affect the bankruptcy estate or the Plan in any way, shape or fashion.

## IV. The correct Rule 12(b)(6) standard of review was not utilized

15. NBK engages exclusively in a discussion of the merits of Plaintiff's pleading,[12] an exercise that is not only misleading, but is a gross departure from the standard of review to be applied to a Rule 12(b)(6) motion. The Fifth Circuit in *Troice v. Greenberg Traurig, L.L.P.*, 921 F.3d 501 (5th Cir. 2019) stated the long-standing general rule as follows:

> We review the grant of a judgment on the pleadings de novo, utilizing "the same standard as a motion to dismiss under Rule 12(b)(6)." *Doe v. MySpace, Inc.* , 528 F.3d 413, 418 (5th Cir. 2008). **That is, confined to the pleadings and accepting the allegations as true, we ask if "the complaint states a valid claim for relief."** *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001) (quoting *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 n.8 (5th Cir. 2000) ). We will uphold the grant of judgment on the pleadings "only if there are no disputed issues of fact and only questions of law remain." *Id.*

---

[12] The entire Motion to Dismiss encompasses five paragraphs, 20-25, never addresses the specific allegations made, and concludes with an argument asserting res judicata.

*Id.* at 504 (emphasis added).  In addition to the presumption of truthfulness, the court is obligated to "accept as true all well-pleaded facts and construe the complaint in the light most favorable to the plaintiff." *Norsworthy v. Hous. Indep. Sch. Dist.*, 70 F.4th 332, 336 (5th Cir. 2023).[13]  In addition, weighing "evidence" is not part of the Rule 12(b)(6) process.[14]  See also, *Underwood v. Hunter*, 604 F.2d 367, 369 (5th Cir. 1979) ('[A] motion to dismiss may result in a rejection of the pleadings, but it does not go to the merits of the case.')."

16.    As the Fifth Circuit has noted:

> A Rule 12(b)(6) dismissal is not warranted just because the district court "believes the plaintiff is unlikely to prevail on the merits." *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir.1986). "Even if it seems almost a certainty to the court that the facts alleged cannot be proved to support the legal claim,' the claim may not be dismissed so long as the complaint states a claim." *Id.* (*quoting Boudeloche v. Grow Chem. Coatings Corp.*, 728 F.2d 759, 762 (5th Cir.1984)).

*U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.,* 355 F.3d 370, 376 (5th Cir. 2004).[15]

NBK implicitly admits that if it breached the CSA it would owe Plaintiff the value of the tax liens, but argues on the merits that it did not breach the CSA.  This is a

---

[13] The court is required to take judicial notice of the contents of documents referenced in the complaint, and in the case of the Appellant is further required to accept those allegations as true statements of fact.  The arguments of Appellee are entitled to no such presumption, because the resolution of a 12(b)(6) motion is not a merits based inquiry.

[14] "To the extent that the district court held that the fraud claims failed "as unsupported by the evidence," and noted that there was "no evidence" or "no credible evidence" on certain issues, however, the court was not applying the correct standard for a Rule 12(b)(6) motion. *See Rubinstein v. Collins*, 20 F.3d 160, 166 (5th Cir.1994); *Thompson*, 125 F.3d at 901."  U.S. ex rel. *Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370 (5th Cir. 2004).

[15] As noted above (text at fn. 5), the bankruptcy court believed "the plaintiff is unlikely to prevail on the merits" but this is not the Rule 12(b)(6) standard for dismissal.

9

factual issue that has not been dispositively determined as to any party, much less

the Plaintiff herein.[16]

## V. Res Judicata is an affirmative defense that does not appear on the Face of the complaint

17. Again the basic rule ignored by NBK is established by the Fifth Circuit as

follows:

"Although dismissal under [R]ule 12(b)(6) may be appropriate based on a successful affirmative defense, that defense must appear on the face of the complaint."

*Ironshore Europe DAC v. Schiff Hardin, L.L.P.,* 912 F.3d 759, 763 (5th Cir. 2019).[17]

NBK not only does not "accept the allegations in the complaint as true" but

mischaracterizes them to suit itself,[18] asserting that the suit is barred due to res

judicata.[19]

18. No court in any jurisdiction has ruled dispositively against the Plaintiff on

---

[16] Importantly, the CSA involved two parties other than NBK: the Debtor 2425 Galleria and Plaintiff. The obligations in the CSA are materially different since the Plaintiff here had no obligation to do anything at all under the CSA regarding payment to NBK. By the terms of the contract, the tax lien value had no effect on the purchase price owed by a different party, 2425 Galleria.

[17] *Citing Kelly v. Nichamoff* , 868 F.3d 371, 374 (5th Cir. 2017) (*quoting EPCO Carbon Dioxide Prods., Inc. v. JP Morgan Chase Bank, NA* , 467 F.3d 466, 470 (5th Cir. 2006) ).

[18] At paragraph 21 NBK proclaims "The Complaint primarily asserts that Mr. Choudhri is entitled to the Tax Liens because of NBK's alleged breach of the Settlement Agreement. " **This is fundamentally incorrect, since the complaint is a suit for damages.** NBK has benefitted in whatever way due to its wrongful retention of the liens, and Mr. Choudhri is suing for the monetary damages that flow from that misconduct. The suit would be exactly the same if there had never been a bankruptcy.

[19] E.g., *EPCO Carbon Dioxide Prods. Inc. v. JP Morgan Chase Bank, NA*, 467 F.3d 466, 470 (5th Cir. 2006) ('Although dismissal under rule 12(b)(6) may be appropriate based on a successful affirmative defense, **that defense must appear on the face of the complaint**.)(emphasis added)

his suit for monetary damages.[20]  The processes in the bankruptcy proceedings have no relevance to the 12(b)(6) motion now before this court. The suit would be exactly the same if there had never been a bankruptcy. None of the bankruptcy proceedings appear "on the face of the complaint" and are not properly part of a Rule 12(b)(6) record. Even if they were properly considered, the attempt to invoke an affirmative defense fails under the rules that govern. [21]

### VII.   The complaint states a claim

19.    Under the appropriate standard of review the complaint states a claim.[22] NBK does not deign to address the causes of action pleaded, outside of its assertion of the affirmative defense of res judicata.[23]   Indeed, instead of accepting the facts pleaded by Appellant as true, NBK "stretches" the record in order to make its case on the merits. As it does so, however, it establishes beyond cavil that the complaint states a claim. On page 7 of its Brief, NBK states: "If, however, payment was not made, both the deposit and the Tax Liens would be forfeited."  **This conclusion**

---

[20] No trial, or motion for summary judgment, or any proceeding in which Appellant, an individual, has been allowed to prosecute his claims to conclusion.  This is a basic predicate for a successful res judicata defense. Res judicata requires proof of a prior final judgment on the merits by a court of competent jurisdiction. *E.g., Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex.1996).

[21] *EPCO Carbon Dioxide Prods. Inc. v. JP Morgan Chase Bank, NA*, 467 F.3d 466, 470 (5th Cir. 2006) (Although dismissal under rule 12(b)(6) may be appropriate based on a successful affirmative defense, **that defense must appear on the face of the complaint**.)(emphasis added)

[22] See discussion at pages 12-22 of Appellant's Brief.

[23] NBK blithely identifies the bankruptcy judge's consideration of the Rule 12(b)(6) motion as the "trier of fact".  Appellee's Brief at 25.

**appears nowhere in the CSA a fact concerning which NBK is well aware**.[24]

One of the claims for relief pleaded expressly deals with this ambiguity.

20.      Indeed, NBK ignores the discussion of those cited cases in which a contract is silent, and mute on the evidentiary record required by Texas appellate courts require when the contract is silent, as it is here, on what occurs to funds when the contract does not specifically state.[25]  Similarly, NBK does not address the causes of action for breach of contract and conversion that are specifically plead in the complaint under consideration.[26]  The factual elements are pleaded, and whatever position NBK takes with respect to how the merits will be determined, the complaint states several causes of action.[27]  It is for this reason that NBK relies on

---

[24] Obviously, the contract is silent on this point, and this is the basis for more than one of the claims Appellant has demonstrated. If the multi-million dollar tax lien value is indeed, as NBK now suggests, a liquidated damage provision then the claim that this is an unenforceable penalty is viable. *See e.g., Atrium Med. Ctr., LP v. Hous. Red C LLC*, 595 S.W.3d 188, 192 (Tex. 2020) ('A damages provision that violates the rule of just compensation . . . and functions as a penalty, is unenforceable.').  See also paragraphs 31-34 in Appellant's Brief.

[25] See Appellant's Brief at paragraphs 35-37

[26] Whether the taking, which is not disputed, is wrongful depends on the outcome of the factual inquiry concerning NBK's actions of wrongful foreclosure, ignoring court orders, interfering with business relations, and the like – which are all allegations to be viewed as true, and in the light most favorable to Appellant. If the value of the liens, which is several millions of dollars is, as NBK now asserts, a liquidated damage no factual determination has been made whether the clause operates at an unenforceable penalty.

[27] In addition to breach of contract, conversion and fraud, Appellant has plead that the value of the tax liens, which is several million dollars, is an unenforceable penalty.  NBK takes the position that the tax lien forfeiture is a liquidated damage provision, and the evaluation of whether this is unenforceable can itself be a factual issue to be determined.  "Sometimes, however, factual issues must be resolved before the legal question can be decided. For example, to show that a liquidated damages provision is unreasonable because the actual damages incurred were much less than the amount contracted for, a defendant may be required to prove what the actual damages were."

its affirmative defense arguments, cobbled from various sources, instead of addressing the issue before this Court. All properly pleaded facts are viewed in the light most favorable to the Appellant, and this Court should dismiss only if Appellant has failed to allege a facially plausible claim for relief. *Bass v. Stryker Corp.*, 669 F.3d 501, 506 (5th Cir. 2012) (citations omitted)(paraphrased to be specific to this case). A Rule 12(b)(6) motion is not, and NBK proffers, determined by a prediction of the likelihood of success on the merits. Taking the pleaded allegations as true, the complaint states viable claims.

### VIII.  Leave to Amend should have been granted

21.     Obviously, it is Appellant's position that the complaint is sufficient on it face, but if this Court disagrees then leave to amend should be granted. There is a strong public policy in favor of allowing parties to amend their pleadings.[28]  Here the state court pleadings allege a litany of facts that a jury could determine prevents NBK from keeping the tax liens. These are to be taken as true, so that should suffice, but if the Court requires more specificity concerning the details of how

---

*Phillips v. Phillips*, 820 S.W.2d 785, 788 (Tex. 1991). Here the liquidated damage provision may be unenforceable as a matter of law, since NBK already realized almost one million in damages (the down payment) as liquidated damage, but the trial court most likely will require a factual record to be developed on the damages question.

[28] *See Stripling v. Jordan Prod. Co*, 234 F.3d 863, 872 (5th Cir. 2000) ("In the context of motions to amend pleadings, 'discretion' may be misleading, because [Rule 15(a)] evinces a bias in favor of granting leave to amend."); *see also, e.g., Stem v. Gomez*, 813 F.3d 205, 215 (5th Cir. 2016) ("A court must have a substantial reason to deny a party's request for leave to amend."); *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006) ("[T]here is a strong presumption in favor of granting leave to amend[.]").

NBK wrongfully posted the property for foreclosure, or how NBK ignored a court order regarding the timing of foreclose and how that effected the efforts of Galleria to effectuate a sale, then leave should be granted so that more specificity can be provided.   Similarly, an amended complaint could elucidate in more detail the violation of the confidentiality provisions of the CSA, the interference with business relations between Galleria and Globix Investment, Ironwood Commercial Realty, Shah Firm, LLC and Jeb Brown Law.   The same is true for NBK's interference with contracts with SIBS International and Caldwell Soames, and the fraud associated with the above conduct.[29] It is unclear how the unenforceable penalty cause of action can be made more specific, but an amended complaint could add specific values to show that the value of the tax liens grossly exceeds the "damages" due to the failure of the sale to Galleria, and the precise amount of the money already received by NBK'

22.     "[D]istrict courts must entertain a presumption in favor of granting parties leave to amend." *Mayeaux v. La. Health Serv. & Indem. Co*., 376 F.3d 420, 425 (5th Cir. 2004).   Leave should be granted here if the Court keeps the case in derogation of the forum-selection clause.

## Conclusion

23.     This Court should grant the Motion to Remand and leave the parties to

---

[29] Citations appear for all of these allegations at page 19 of Appellant's Brief.

litigate this case in the forum that they contractually agreed upon since this suit for damages does not provide "core" jurisdiction. If this Court determines that core jurisdiction is present, then this Court should remand the case back to the state court to honor the forum selection clause agreed to by the parties, in accordance with Supreme Court precedent. Appellant asserts that service under the ECF rules to a party should start the removal time clock, and if it does, the removal is untimely.

24.   If for some reason this Court retains jurisdiction, then the Rule 12(b)(6) motion based on res judicata should be denied, since this defense appears nowhere on the fact of the complaint. The well pleaded facts in the complaint establish several causes of action based on the alleged conduct of NBK. In the event that the Court retains jurisdiction, does not honor the forum-selection clause, and is inclined to grant the Rule 12(b)(6) motion, then leave to amend the complaint should be granted, since Plaintiff has not engaged in any wrongful conduct during the pendency of this action, and an amendment would cure any lingering question concerning the existence of fact that support the claims made by Appellant.

## Prayer

Appellant prays that this matter be remanded to the Texas state district court from which it was removed, either due to the Motion to Remand, or the forum-selection clause agreed to by the parties. Alternatively Appellant prays that this

15

Court reverse the Rule 12(b)(6) dismissal altogether or allow Appellant leave to file an amended complaint.

Respectfully Submitted this 6th day of December, 2024

THE STEIDLEY LAW FIRM

/ s /  Jeffrey W. Steidley
Jeffrey W. Steidley
THE STEIDLEY LAW FIRM
3701 Kirby Drive, Suite 1170
Houston, Texas 77098
(713) 523-9595
(713) 523-9578 – Fax
jeff@texlaw.us

**ATTORNEY FOR APPELLANT**

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 32(g) of the Federal Rules of Appellate Procedure, the undersigned hereby certifies that based on the word processing software used to prepare this brief, the word count is 5305 words.

/s/Jeffrey W. Steidley
Jeffrey W. Steidley

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served upon all counsel of record via the court's ECF system on this 6th day of December, 2024.

**PILLSBURY WINTHROP SHAW PITTMAN LLP**     *Via ECF Filing*

Charles C. Conrad
Ryan Steinbrunner
609 Main Street, Suite 2000
Houston, TX 77002
Telephone: 713-276-7600
Facsimile: 713-276-7634
charles.conrad@pillsburylaw.com
ryan.steinbrunner@pillsburylaw.com
*--and--*
Andrew M. Troop*
Patrick E. Fitzmaurice**
Kwame O. Akuffo**
31 West 52nd Street
New York, NY 10019-6131
Telephone: 212-858-1000
Facsimile: 212-858-1500
patrick.fitzmaurice@pillsburylaw.com
kwame.akuffo@pillsburylaw.com
*Lead Counsel
**Admitted *Pro Hac Vice*
**Counsel for National Bank of Kuwait, S.A.K.P., New York Branch**

/s/ Jeffrey W. Steidley
Jeffrey W. Steidley