Case 4:24-cv-03198   Document 22   Filed on 02/19/25 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
February 21, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: § | |
| GALLERIA 2425 OWNER, LLC § | Case No. 23-34815 (JPN) |
| Debtor § | |
| § | |
| ALI CHOUDHRI, § | |
| § | |
| Appellant, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:24-CV-03198 |
| § | |
| NATIONAL BANK OF KUWAIT, S.A.K.P., § | |
| NEW YORK BRANCH, § | |
| § | |
| Appellee. | |

## MEMORANDUM AND ORDER

Plaintiff–Appellant Ali Choudhri ("Plaintiff") appeals from the Bankruptcy Court's decision to allow removal of his state court action to Bankruptcy Court, and then to dismiss it. Defendant–Appellee National Bank of Kuwait ("Defendant") has responded, and lengthy oral argument has been heard.

There is an extensive history to the litigation between and among Plaintiff, Defendant, and bankruptcy debtor Galleria 2425 Owner, LLC ("Debtor"). Much of it has been described by the Bankruptcy Court and will not be repeated. Memorandum Opinion of June 22, 2024, ECF No. 15-1. There is also an extensive history of other cases brought by Plaintiff. The Bankruptcy Court enumerated these. *Id*. at 17 n.48. Plaintiff and those under his control have also filed six appeals in Debtor's bankruptcy proceeding.

For purposes of this appeal, the Court notes that Plaintiff filed suit in the 129th District Court of Harris County, Texas concerning money allegedly owed by Defendant on the Debtor's financing. Defendant removed the case to the Bankruptcy Court on the basis that the case implicated issues already resolved by decisions of the Bankruptcy Court, and was within the Bankruptcy Court's core jurisdiction.

Plaintiff filed a Motion to Remand on the grounds that the removal was untimely and that the state case did not fall within the Bankruptcy Court's core jurisdiction. Finally, the Plaintiff argued that the parties had contracted long ago that any dispute between them would be filed in Harris County state court.

Initially, there is the issue of the timing of Defendant's removal. Under Bankruptcy Rule 9027(a)(3), a party to non-bankruptcy litigation has thirty days after a bankruptcy case is initiated by an adverse party to remove the action to federal court. Plaintiff argued that Defendant missed this deadline because it became aware of the filing of the subject state-court proceeding on May 3, 2024, and did not remove it until June 7, 2024. However, Defendant became aware of the original filing only because a copy of the original petition was attached to the Debtor's objection to Defendant's claims filed in the Bankruptcy Court, not a document filed in the state court case. Formal service was apparently never effected.

Plaintiff's argument was dispositively rejected by the Supreme Court in <u>Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344, 347-48 (1999), which dealt with Rule 9027(a)(3)'s statutory counterpart, 28 U.S.C. § 1446(b). The Court made clear that the thirty-day clock did not start running upon "mere receipt of the complaint unattended by any formal service." Defendant's removal of the state-court case was timely.

Plaintiff presents a closer question in making the argument that the Bankruptcy Court lacked jurisdiction. It is true that neither party to the state court case is a debtor in bankruptcy. It is also true that the assets at issue in the state court case are not assets of the Debtor.

Jurisdiction in bankruptcy, however, is defined more broadly. It derives from 28 U.S.C. §§ 1334 and 157. The dimensions of that jurisdiction are not linear, but at the very least jurisdiction extends as far as necessary to interpret and enforce the Bankruptcy Court's own prior orders. And, in invoking the jurisdiction of the Bankruptcy Court in the instant case, Defendant was asking the Bankruptcy Court to declare that the causes of action asserted by Plaintiff in the state proceeding had already been resolved in proceedings in which Plaintiff participated in Bankruptcy Court. The case therefore easily satisfies the Fifth Circuit's criteria for bankruptcy jurisdiction: "whether the outcome of that proceeding could *conceivably* have any effect on the estate being administered in bankruptcy." Matter of Wood, 825 F.2d 90, 93 (5th Cir. 1987) (emphasis added) (quoting Pacor v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984)). If participants in bankruptcy litigation were free to re-litigate and controvert in other fora final judgments of bankruptcy courts, then the bankruptcy system would be rendered a nullity. In re Cleveland Imaging & Surgical Hosp. L.L.C., 26 F.4th 285 (5th Cir. 2022).

The same reasoning applies to Plaintiff's argument that he and Defendant had agreed on a forum-selection clause. When bankruptcy intervenes, such clauses can be vitiated, as can federal statutes. Otherwise, bankruptcy courts could not achieve centralization of claims, which is a fundamental principle. Steelman v. All Continent Corp., 301 U.S. 278 (1937).

Finally, Plaintiff complains that, once removed, his litigation against Defendant should not have been dismissed. At the least, Plaintiff argues, he should have been allowed to amend his

pleadings. But, Plaintiff offers no reason to believe that the Bankruptcy Court erred. The claims advanced by Plaintiff have already been adjudicated in bankruptcy proceedings in which Plaintiff was an active participant, and Plaintiff had already amended his petition twice.

The Bankruptcy Court is **AFFIRMED**. The case is **DISMISSED**.

Signed at Houston, Texas on February 19, 2025.

_____
**KEITH P. ELLISON**
**UNITED STATES DISTRICT JUDGE**